**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| MOMENTA PHARMACEUTICALS, INC. and SANDOZ INC., Plaintiffs, v. TEVA PHARMACEUTICALS USA, INC. Defendant. | ) | Civil Action No. 1:10-cv-12079 (NMG) |

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF TEVA PHARMACEUTICALS USA, INC.

## INTRODUCTION

Defendant Teva Pharmaceuticals USA, Inc. (“Teva USA”) hereby answers the Complaint (the “Complaint”) filed by Momenta Pharmaceuticals, Inc. and Sandoz Inc. (collectively, “Plaintiffs”) by denying each and every allegation contained therein, except those that are specifically admitted, modified, or qualified in this Answer.

## PARTIES

1. On information and belief, Teva USA admits that Momenta is a Delaware corporation with a principal place of business in Cambridge, Massachusetts. Teva USA is without information sufficient to admit or deny the remaining allegations in paragraph 1 of the Complaint and therefore denies the same.

2. On information and belief, Teva USA admits that Sandoz is a Colorado corporation with a principal place of business in Princeton, New Jersey. Teva USA is without

information sufficient to admit or deny the remaining allegations in paragraph 2 of the Complaint and therefore denies the same.

3. Paragraph 3 makes allegations as to Teva Pharmaceutical Industries, Ltd. ("Teva Ltd.") only, and thus no response is required from Teva USA.

4. Teva USA admits that it is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1090 Horsham Road, North Wales, Pennsylvania. Teva USA further admits that it is an indirect wholly-owned subsidiary of Teva Ltd.

5. Teva USA admits the allegations of paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. Teva USA admits the allegations of paragraph 6 of the Complaint.

7. To the extent that paragraph 7 makes allegations directed towards Teva Ltd., no response is required from Teva USA. To the extent that paragraph 7 makes allegations directed towards Teva USA, for the purposes of this case, Teva USA admits that this Court has personal jurisdiction over Teva USA. Teva USA denies the remaining allegations in paragraph 7

8. To the extent that paragraph 8 makes allegations directed towards Teva Ltd., no response is required from Teva USA. To the extent that paragraph 8 makes allegations directed towards Teva USA, for the purposes of this case, Teva USA admits that venue with respect to Teva USA is proper in this judicial district. Teva USA denies the remaining allegations in paragraph 8.

## THE MOMENTA PATENTS

9. Teva USA admits that according to the face of U.S. Patent No. 7,575,886 (the "'886 patent"), the '886 patent is entitled "Analysis of Sulfated Polysaccharides." Teva USA

admits that according to the face of the ‘886 patent, the ‘886 patent issued on August 18, 2009. Teva USA further admits that what appears to be a true and correct copy of the ’886 patent was attached to the Complaint as Exhibit A. Teva USA denies the remaining allegations in paragraph 9 of the Complaint.

10. Teva USA admits that according to the face of the ‘886 patent, the ‘886 patent is assigned to Momenta Pharmaceuticals, Inc. Teva USA is without information sufficient to admit or deny the remaining allegations in paragraph 10 of the Complaint and therefore denies the same.

11. Teva USA is without information sufficient to admit or deny the allegations in paragraph 11 of the Complaint and therefore denies the same.

12. Teva USA admits that according that according to the face of U.S. Patent No. 7,790,466 (the "’466 patent"), the ‘466 patent is entitled "Evaluating Mixtures of Low Molecular Weight Heparins by Chain Profiles or Chain Mapping." Teva USA admits that according to the face of the ‘466 patent, the ‘466 patent issued on September 7, 2010. Teva USA further admits that what appears to be a true and correct copy of the ’466 patent was attached to the Complaint as Exhibit B. Teva USA denies the remaining allegations in paragraph 12 of the Complaint.

13. Teva USA admits that according to the face of the ‘466 patent, the ‘466 patent is assigned to Momenta Pharmaceuticals, Inc. Teva USA is without information sufficient to admit or deny the remaining allegations in paragraph 13 of the Complaint and therefore denies the same.

14. Teva USA is without information sufficient to admit or deny the allegations in paragraph 14 of the Complaint and therefore denies the same.

**MOMENTA AND SANDOZ'S GENERIC ENOXAPARIN PRODUCT**

15. Teva USA is without information sufficient to admit or deny the allegations in paragraph 15 of the Complaint and therefore denies the same.

16. Teva USA denies the allegations in paragraph 16 of the Complaint.

17. On information and belief, Teva USA admits the allegations in paragraph 17 of the Complaint.

18. Teva USA admits that all of the claims of the '886 patent claim, *inter alia*, "[a] method for analyzing an enoxaparin sample for the presence or amount of a non naturally occurring sugar associated with peak 9 of FIG. 1. that results from a method of making enoxaparin that included ß-eliminative cleavage with a benzyl ester and depolymerization." The remaining allegations of paragraph 18 of the Complaint state conclusions of law and therefore, no response is required. Further answering, Teva USA states that the '886 patent speaks for itself.

19. Teva USA denies the allegations in paragraph 19 of the Complaint.

20. The allegations of paragraph 20 of the Complaint state a conclusion of law and therefore, no response is required. Further answering, Teva USA states that the '466 patent speaks for itself.

21. Teva USA denies the allegations in paragraph 21 of the Complaint.

**TEVA'S INFRINGING CONDUCT**

22. Teva USA admits that it plans to market generic enoxaparin in the United States after it receives FDA approval. Teva USA denies the remaining allegations in paragraph 22 of the Complaint.

23. Teva USA admits the allegations of paragraph 23 of the Complaint.

24. Teva USA admits that it plans to market generic enoxaparin in the United States after it receives FDA approval. Teva USA is without information sufficient to admit or deny whether a true and correct copy of Teva's Q4 2009 Earnings Conference Transcript, dated February 16, 2010, is attached to the Complaint as Exhibit C and therefore denies the same. Further answering, Teva USA states that the conference call speaks for itself. Teva USA denies the remaining allegations of paragraph 24 of the Complaint.

25. Teva USA is without information sufficient to admit or deny whether a true and correct copy of Teva's Q1 2010 Earnings Conference Transcript, dated May 4, 2010, is attached to the Complaint as Exhibit D and therefore denies the same. Further answering, Teva USA states that the conference call speaks for itself. Teva USA denies the remaining allegations of paragraph 25 of the Complaint.

26. Teva USA admits that what appears to be a true and correct copy of a press release, dated July 23, 2010, is attached to the Complaint as Exhibit E. Teva USA is without information sufficient to admit or deny whether a true and correct copy of Teva's Q2 2010 Earnings Conference Transcript, dated July 27, 2010, is attached to the Complaint as Exhibit F and therefore denies the same. Further answering, Teva USA states that the press release and the conference call speak for themselves. Teva USA denies the remaining allegations of paragraph 26 of the Complaint.

27. Teva USA admits that what appears to be a true and correct copy of an article entitled "Teva Copy of Lovenox® May Be Close," Reuters, dated August 5, 2010, is attached to the Complaint as Exhibit G. Further answering, Teva USA states that the article speaks for itself. Teva USA denies the remaining allegations of paragraph 27 of the Complaint.

28. Teva USA is without information sufficient to admit or deny whether a true and correct copy of Teva's Q3 2010 Earnings Conference Transcript, dated November 2, 2010, is attached to the Complaint as Exhibit H and therefore denies the same. Further answering, Teva USA states that the conference call speaks for itself. Teva USA denies the remaining allegations of paragraph 28 of the Complaint.

29. Teva USA denies the allegations of paragraph 29 of the Complaint.

30. Teva USA denies the allegations of paragraph 30 of the Complaint.

**COUNT I**
**(Infringement of U.S. Patent No. 7,575,886)**

31. Teva USA incorporates each of the preceding paragraphs as if fully set forth herein.

32. Teva USA denies the allegations of paragraph 32 of the Complaint.

33. Teva USA admits that it has not obtained a license to use the methods claimed in the '886 patent. Teva USA denies the remaining allegations of paragraph 33 of the Complaint.

34. Teva USA denies the allegations of paragraph 34 of the Complaint.

35. Teva USA denies the allegations of paragraph 35 of the Complaint.

**COUNT II**
**(Infringement of U.S. Patent No. 7,790,466)**

36. Teva USA incorporates each of the preceding paragraphs as if fully set forth herein.

37. Teva USA denies the allegations of paragraph 37 of the Complaint.

38. Teva USA admits that it has not obtained a license to use the methods claimed in the '466 patent. Teva USA denies the remaining allegations of paragraph 38 of the Complaint.

39. Teva USA denies the allegations of paragraph 39 of the Complaint.

40. Teva USA denies the allegations of paragraph 40 of the Complaint.

**COUNT III**
**(Declaratory Judgment of Infringement of the ‘886 Patent)**

41. Teva USA incorporates each of the preceding paragraphs as if fully set forth herein.

42. Teva USA admits that there is a justiciable controversy between Plaintiffs and Teva USA as to the alleged infringement of the ‘886 patent. Teva USA denies the remaining allegations of paragraph 42 of the Complaint.

43. Teva USA denies the allegations of paragraph 43 of the Complaint.

44. Teva USA admits the allegations of paragraph 44 of the Complaint.

45. Teva USA denies the allegations of paragraph 45 of the Complaint.

**COUNT IV**
**(Declaratory Judgment of Infringement of the ‘466 Patent)**

46. Teva USA incorporates each of the preceding paragraphs as if fully set forth herein.

47. Teva USA admits that there is a justiciable controversy between Plaintiffs and Teva USA as to the alleged infringement of the ‘466 patent. Teva USA denies the remaining allegations of paragraph 47 of the Complaint.

48. Teva USA denies the allegations of paragraph 48 of the Complaint.

49. Teva USA admits the allegations of paragraph 49 of the Complaint.

50. Teva USA denies the allegations of paragraph 50 of the Complaint.

Teva USA denies each and every allegation contained in the Complaint not expressly admitted above. The headings within the Complaint do not require a response. To the extent that a response is required, Teva USA denies any allegations in the headings of the Complaint.

Teva USA denies that Plaintiffs are entitled to the judgment and relief prayed for in paragraphs (a) through (h).

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

51. The Complaint fails to state a claim against Teva USA upon which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**

52. Teva USA has not (either directly or indirectly) infringed, does not infringe, and will not infringe any valid and enforceable claim of the ‘886 patent or the ‘466 patent.

### **THIRD AFFIRMATIVE DEFENSE**

53. Plaintiffs’ claims are barred in whole or in part by 35 U.S.C. § 271(e)(1).

### **FOURTH AFFIRMATIVE DEFENSE**

54. One or more of the claims of the ‘886 patent or the ‘466 patent are invalid for failure to comply with 35 U.S.C. §§ 101, 102, 103 and/or 112, and the rules, regulations, and laws pertaining thereto.

### **FIFTH AFFIRMATIVE DEFENSE**

55. By reason of the proceedings in the Patent Office during the prosecution of the ‘886 patent and/or the ‘466 patent, and by reason of amendments, positions, concessions, statements and/or representations taken or made by or on behalf of the applicant, Plaintiffs are estopped from asserting the ‘886 patent and/or the ‘466 patent against any product made, used, offered for sale or sold by Teva USA.

**SIXTH AFFIRMATIVE DEFENSE**

56. Plaintiffs are not entitled to equitable relief from this Court due to their unclean hands in attempting to enforce the ’886 patent and ‘466 patent in bad faith, knowing that the ‘886 patent and ‘466 patent are invalid, and without a reasonable basis to believe that Teva USA has infringed the ‘886 patent or ‘466 patent.

**SEVENTH AFFIRMATIVE DEFENSE**

57. Plaintiffs’ claim for damages, if any, are limited to the extent that Plaintiffs failed to provide notice, or otherwise meet the requirements of 35 U.S.C. § 287.

**EIGHTH AFFIRMATIVE DEFENSE**

58. Plaintiffs have failed to plead or meet the requirements of 35 U.S.C. §§ 284, 286 and/or 287, and have otherwise failed to show that they are entitled to any damages.

**NINTH AFFIRMATIVE DEFENSE**

59. Teva USA has not, does not and/or will not willfully infringe any valid or enforceable claim of the ‘886 patent or the ‘466 patent, and Plaintiffs are not entitled to enhanced damages.

**TENTH AFFIRMATIVE DEFENSE**

60. Teva USA reserves the right to raise further additional defenses as may be available upon the facts to be developed and under applicable substantive law.

**PRAYER FOR RELIEF**

WHEREFORE, Teva USA prays that this Court:

A. Enter an order dismissing the Complaint, with prejudice, and denying Plaintiffs the relief requested in the Complaint and any relief whatsoever;

B. Declare this case exceptional and award Teva USA reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285;

C. Award Teva USA its costs; and

D. Grant such other and further relief as this Court may deem just.

## COUNTERCLAIMS

### PARTIES

1. Teva Pharmaceuticals USA, Inc. ("Teva USA") is a Delaware corporation with a principal place of business at 1090 Horsham Road, North Wales, Pennsylvania 19454.

2. On information and belief, Momenta Pharmaceuticals, Inc. ("Momenta") is a Delaware corporation with a principal place of business at 675 West Kendall Street, Cambridge, Massachusetts 02142.

3. On information and belief, Sandoz Inc. ("Sandoz") is a Colorado corporation with a principal place of business at 506 Carnegie Center, Princeton, New Jersey 08540.

### JURISDICTION AND VENUE

4. This is an action for a declaration that each claim of the U.S. Patent No. 7,575,886 (the "'886 patent") and U.S. Patent No. 7,790,466 (the "'466 patent") (collective, the "Patents in Suit") is invalid and/or not infringed pursuant to the Patent Laws of the United States, 35 U.S.C. § 101 *et seq.* Accordingly, subject matter jurisdiction of this Court exists under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and 28 U.S.C. §§ 1331 and 1338(a).

5. Momenta and Sandoz (collectively, "Plaintiffs") have subjected themselves to the Court's personal jurisdiction by filing the Complaint in the above action in this Court.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

**FIRST COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement)**

7. Teva USA incorporates by reference paragraphs 1 through 6 as if fully set forth herein.

8. Plaintiffs allege that Momenta is the assignee and owner of the Patents in Suit, that Sandoz is an exclusive licensee under the Patents in Suit, that the Patents in Suit are valid and enforceable, and that Teva USA infringes or will infringe the Patents in Suit.

9. Teva USA denies that it infringes or induces the infringement of any asserted claim of the Patents in Suit, and contends that each asserted claim is not infringed by Teva USA. Moreover, the activities alleged in the Complaint do not constitute infringement under 35 U.S.C. § 271(e)(1).

10. There is actual controversy between Plaintiffs and Teva USA, redressable by judgment of this Court, as to the alleged infringement of the Patents in Suit.

11. Teva USA is entitled to a judgment declaring that Teva USA does not infringe any valid and asserted claim of the Patents in Suit.

12. Teva USA is entitled to an award of costs and expenses, including reasonable attorneys fees, to be assessed against Plaintiffs in accordance with the provisions of 35 U.S.C. § 285 or such other authorities as the Court deems applicable.

**SECOND COUNTERCLAIM**
**(Declaratory Judgment of Invalidity)**

13. Teva USA incorporates by reference paragraphs 1 through 12 as if fully set forth herein.

14. Plaintiffs allege that Momenta is the assignee and owner of the Patents in Suit, that Sandoz is an exclusive licensee under the Patents in Suit, that the Patents in Suit are valid and enforceable, and that Teva USA infringes or will infringe the Patents in Suit.

15. Teva USA denies that any asserted claim of the Patents in Suit is valid, and contends that each asserted claim is invalid for failure to comply with 35 U.S.C. §§ 101, 102, 103 and/or 112, and the rules, regulations, and laws pertaining thereto.

16. There is actual controversy between Plaintiffs and Teva USA, redressable by judgment of this Court, as to the validity of each asserted claim of the Patents in Suit.

17. Teva USA is entitled to a judgment declaring that each asserted claim of the Patents in Suit is invalid.

18. Teva USA is entitled to an award of costs and expenses, including reasonable attorneys fees, to be assessed against Plaintiffs in accordance with the provisions of 35 U.S.C. § 285 or such other authorities as the Court deems applicable.

## PRAYER FOR RELIEF

WHEREFORE, Teva USA respectfully requests that this Court grant the following relief against Plaintiffs:

A. A judgment that Teva USA does not infringe any valid and asserted claim of the ‘886 patent or ‘466 patent;

B. A judgment that each and every asserted claim of the ‘886 patent and ‘466 patent is invalid;

C. A determination that this is an exceptional case and award Teva USA reasonable attorneys’ fees and costs pursuant to 35 U.S.C. § 285;

D. Award Teva USA its costs; and

E. Such other and further relief as this Court may deem just.

Dated: January 19, 2011

Respectfully submitted,

GOODWIN PROCTER LLP

By: /s/ James C. Rehnquist

James C. Rehnquist (BBO # 552602)
Elaine Herrmann Blais (BBO #656142)
Adam R. Wichman (BBO #678324)
Robert Frederickson III (BBO #670111)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
Tel.: (617) 570-1000
Fax: (617) 523-1231
jrehnquist@goodwinprocter.com
eblais@goodwinprocter.com
awichman@goodwinprocter.com
rfrederickson@goodwinprocter.com

David M. Hashmall (*pro hac vice*)
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: (212) 813-8800
Fax: (212) 355-3333
dhashmall@goodwinprocter.com

*Attorneys for Defendant*
TEVA PHARMACEUTICALS USA, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 19, 2011.

/s/ James C. Rehnquist

LIBA/2138003.3