United States District Court
District of Massachusetts

_____
                                    )
MOMENTA PHARMACEUTICALS, INC.       )
and SANDOZ INC.,                    )
        Plaintiffs,                 )
                                    )    Civil Action No.
        v.                          )    10-12079-NMG
                                    )
TEVA PHARMACEUTICALS INDUSTRIES     )
LTD and TEVA PHARMACEUTICALS        )
USA, INC.,                          )
        Defendants.                 )
_____ )

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiffs Momenta Pharmaceuticals, Inc. and Sandoz Inc. (collectively, "Momenta") bring suit against Teva Pharmaceuticals Industries Ltd. and Teva Pharmaceuticals USA, Inc. (collectively, "Teva") for patent infringement.

## I. Factual Background

Momenta is the assignee and owner of two patents related to the manufacture of the generic versions of pharmaceuticals made from enoxaparin sodium. The United States Patent and Trademark Office issued the patents in August, 2009 and September, 2010, respectively. In July, 2010, Momenta began marketing the first generic enoxaparin sodium product.

Meanwhile, in February, 2010, Teva announced its intention to sell a generic enoxaparin as soon as it obtains FDA approval.

-1-

Momenta alleges that Teva has infringed on its patents by making material preparations to sell a generic enoxaparin product that has been manufactured using the methods in plaintiffs' patents. Plaintiffs seek injunctive relief and damages. Before the Court is plaintiffs' motion for expedited discovery.

**II. <u>Procedural History</u>**

Plaintiffs filed their complaint on December 2, 2010 and moved for expedited discovery on December 28, 2010. On January 19, 2011, Teva Pharmaceuticals Industries Ltd. was dismissed as a defendant. Also in January, 2011, Teva filed an answer which included a counterclaim. Momenta has answered that counterclaim. A scheduling conference has been set for March 15, 2011.

**III. <u>Analysis</u>**

Plaintiffs seek disclosure of three discrete sets of documents that will assist them in determining whether to move for a preliminary injunction. They also ask that the Court shorten to 15 days the time within which Teva must produce the specified documents. Plaintiffs assert that the requested discovery should be granted because it 1) is limited in scope, 2) will allow the Court to address essential issues earlier and 3) imposes a minimal burden on the defendants.

Teva opposes the motion, arguing that 1) the motion is filed for an improper purpose, 2) plaintiffs have not shown that they will suffer irreparable harm, 3) plaintiffs have not demonstrated

a likelihood of success on the merits and 4) the discovery sought is over-broad and burdensome.

   **A.   Legal Standard**

   Federal Rule of Civil Procedure 26(d) states that

   [e]xcept . . . when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f).

In order for a party to obtain expedited discovery before the Rule 26(f) Conference, it must show good cause. Fed. R. Civ. P. 26(b)(1) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.").

   Courts have applied essentially two standards for determining whether good cause exists for expedited discovery. In Notaro v. Koch, the Southern District of New York articulated a four-part inquiry. 95 F.R.D. 403, 405 (S.D.N.Y. 1982). Other federal courts, including another session of this Court, have rejected that test and instead analyzed the "reasonableness of the request in light of all of the surrounding circumstances[.]" Entm't Tech. Corp. v. Walt Disney Imagineering, No. 03-3546, 2003 WL 22519440, at *3 (E.D. Pa. 2003) (quoting Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor, 194 F.R.D. 618, 624 (N.D. Ill. 2000)); see also McMann v. Doe, 460 F. Supp. 2d 259, 265 (D. Mass. 2006). Those courts looked at various factors, including:

   the purpose for the discovery, the ability of the

> discovery to preclude demonstrated irreparable harm, the
> plaintiff's likelihood of success on the merits, the
> burden of discovery on the defendant, and the degree of
> prematurity.

McMann, 460 F. Supp. 2d at 265 (allowing expedited discovery to determine the defendant's identity because the suit could not proceed until it was discovered and plaintiff was suffering irreparable reputational harm in the meantime).

The Court's decision as to which test to utilize here is straightforward: the parties both apply the reasonableness analysis in their memoranda.

**B. Application**

In assessing good cause, the Court looks at whether the proposed discovery is necessary to ward off irreparable injury. Momenta argues that it needs the requested discovery in order to decide whether to move for a preliminary injunction enjoining Teva from selling their generic enoxaparin. Momenta's assertion that the expedited discovery is necessary before filing a motion for a preliminary injunction is, however, unconvincing. Momenta has had the opportunity to obtain at least some information since filing its motion. In a letter to plaintiffs' counsel, Teva stated that it did not oppose expedited discovery provided that it was mutual and limited. Momenta declined that proposal. The fact that Momenta had that opportunity undermines its claim that Court-ordered expedited discovery is necessary.

Momenta claims that infringement of its patent is imminent

because Teva is likely to obtain FDA approval and release its product.  Nevertheless, any economic damages that Momenta may suffer as a result of Teva introducing its product on the market are readily calculable.  When that is the case, there is no risk of irreparable harm.  See Eli Lilly & Co. v. Am. Cyanamid Co., 82 F.3d 1568, 1578 (Fed. Cir. 1996).  Unlike cases in which irreparable harm has been found, Momenta has provided no evidence that entry of a competitor into the market will cause irreparable loss of market share and revenue.  See Abbott Labs. v. Sandoz, Inc., 544 F.3d 1341, 1361-62 (Fed. Cir. 2008).  Without a risk of irreparable harm, expedited discovery is unwarranted.

In terms of timing, the case law varies on whether a preliminary injunction motion must be pending before plaintiff may move for expedited discovery.  Compare OMG Fidelity, Inc. v. Sirius Techs., Inc., 239 F.R.D. 300, 305 (N.D.N.Y. 2006) (allowing motion for expedited discovery where plaintiff anticipated filing a motion for a preliminary injunction), with Dimension Data N. Am., Inc. v. NetStar-1, Inc., 226 F.R.D. 528, 531-32 (E.D.N.C. 2005) (holding that a motion for expedited discovery was premature because no motion for a preliminary injunction had been filed).  The majority of courts have held, however, that the fact that there was no pending preliminary injunction motion weighed against allowing plaintiff's motion for expedited discovery.  See, e.g., El Pollo Loco, S.A. de C.V. v.

El Pollo Loco, Inc., 344 F. Supp. 2d 986, 991 (S.D. Tex. 2004); Entm't Tech. Corp., 2003 WL 22519440, at *3.

In sum, Momenta has failed to demonstrate an urgent and compelling need for the requested discovery and the Court finds no reason to deviate from the normal course of discovery established by the Federal Rules of Civil Procedure. Furthermore, a Rule 26(f) conference has been scheduled in the near future, after which normal discovery will commence.

### ORDER

In accordance with the foregoing, plaintiffs' motion for expedited discovery (Docket No. 20) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton  
Nathaniel M. Gorton  
United States District Judge

Dated February 18, 2011