United States District Court
District of Massachusetts

```
_____
                              )
MOMENTA PHARMACEUTICALS, INC., )
SANDOZ INC.,                  )
        Plaintiffs,           )
                              )   Civil Action No.
        v.                    )   11-11681-NMG
                              )
AMPHASTAR PHARMACEUTICALS, INC.,)
INTERNATIONAL MEDICATION      )
SYSTEMS, LTD., WATSON         )
PHARMACEUTICALS, INC., WATSON )
PHARMA, INC.                  )
        Defendants.           )
_____)
                              )
MOMENTA PHARMACEUTICALS, INC. )
and SANDOZ INC.,              )
        Plaintiffs,           )
                              )
                              )   Civil Action No.
        v.                    )   10-12079-NMG
                              )
TEVA PHARMACEUTICALS USA, INC.,)
        Defendants.           )
_____)
```

ORDER

GORTON, J.

Plaintiffs' motion for clarification or modification of the order on claim construction (Docket No. 292 in the Amphastar action, and Docket No. 109 in the Teva action) is **ALLOWED**. As plaintiffs suggest, the Court intended to define the term "structural signature" according to the first part of the definition offered in the specification of the '886 patent. The omission of "e.g." in the definition listed in the Order portion

of the Memorandum and Order was inadvertent.  Thus, "a structural signature" means

> information regarding, e.g., the identity, number and physiochemical properties of the mono- and di-saccharide building blocks of a polysaccharide.

**So ordered.**

                                                 /s/ Nathaniel M. Gorton
                                                 Nathaniel M. Gorton
                                                 United States District Judge

Dated July 31, 2012