**United States District Court**
**District of Massachusetts**

```
_____
                            )
MOMENTA PHARMACEUTICALS, INC. )
AND SANDOZ INC.,             )
                            )
        Plaintiffs,          )
                            )      Civil Action No.
        v.                   )      10-12079-NMG
                            )
TEVA PHARMACEUTICALS USA, INC., )
                            )
        Defendant.           )
_____ )
```

**MEMORANDUM AND ORDER**

**GORTON, J.**

In 2010, plaintiffs Momenta Pharmaceuticals, Inc. ("Momenta") and Sandoz Inc. ("Sandoz") (collectively, and for simplicity, "Momenta" or "plaintiffs") filed an action for patent infringement against defendant Teva Pharmaceuticals USA, Inc. ("Teva" or "defendant").  The Court entered summary judgment in favor of Teva in July, 2013, and will now proceed to enter final judgment.

**I.   Procedural background**

In December, 2010, plaintiffs filed a complaint (Docket No. 1) against Teva, asserting multiple counts of patent infringement of Momenta's U.S. Patent Nos. 7,575,886 ("the '886 patent") and 7,790,466 ("the '466 patent").  Teva's counterclaim

-1-

(Docket No. 30) sought declaratory judgment of non-infringement and invalidity of both patents.

The Court held a <u>Markman</u> hearing in May, 2012, and issued its claim construction ruling with respect to both patents in June, 2012.  The case was then stayed between August, 2012 and January, 2013 pending resolution of proceedings before the Federal Circuit Court of Appeals in the related <u>Amphastar</u> case.

In January, 2013, Teva moved for summary judgment of non-infringement of both the '886 and '466 patents.  It maintained that it could not infringe either because 1) the testing that plaintiffs believed that Teva had conducted was required by the Food and Drug Administration and therefore fell under the safe harbor provision of the Patent Act, 35 U.S.C. § 271(e)(1), and 2) Teva did not infringe under 35 U.S.C. § 271(g) by importing or selling its proposed enoxaparin product because the products were not "made by" a patented process.

In February, 2013, plaintiffs' counsel informed Teva's counsel that plaintiffs were no longer asserting the '466 patent against Teva based on "the recent deposition testimony prior to the stay and the document production to date."  Plaintiffs claimed to reserve the right to reassert the '466 patent as circumstances developed (Docket No. 168-43).

In April, 2013, plaintiffs filed an opposition to Teva's motion for summary judgment (Docket No. 164) but only responded to Teva's arguments with respect to the '886 patent.  In a footnote in their opposition brief, plaintiffs advised the Court that

> Momenta no longer asserts claims against Teva based
> upon [the '466 patent].  Momenta reserves the right to
> reassert the '466 patent, and to challenge Teva's
> factual statements regarding the '466 patent, if
> circumstances change.

Teva did not address the withdrawn claims or plaintiffs' right to withdraw claims in its reply brief (Docket No. 184) or at the hearing on the summary judgment motion.

In July, 2013, the Court allowed Teva's motion for summary judgment with respect to the '886 patent and denied plaintiffs' motion to amend their infringement contentions on the grounds that such an amendment would be futile (Docket No. 205).  It explained that it would only address plaintiffs' claims with respect to the '886 patent because plaintiffs had indicated in their opposition that they were withdrawing their claims with respect to the '466 patent.  The Court found that 1) the accused testing, if conducted, fell under the 35 U.S.C. § 271(e) safe harbor and 2) the accused testing, if conducted, did not infringe under 35 U.S.C. § 271(g).

Momenta appealed that ruling to the Federal Circuit shortly thereafter but in November, 2013, that court dismissed the

appeal for lack of jurisdiction because this Court had not entered final judgment.  Shortly thereafter, Teva moved for entry of such judgment.

## II.  Defendant's motion for final judgment

The parties disagree about the form and the content of the impending final judgment.  They specifically disagree about the posture of plaintiffs' claims with respect to the '466 patent after plaintiffs informed Teva and the Court that it was withdrawing those claims and the Court declined to address them in its summary judgment ruling.  Teva argues that those claims should be dismissed with prejudice.  Plaintiffs respond that the Court should either dismiss the claims without prejudice or dismiss with prejudice but clarify that such dismissal is based on the fact that Teva did not use the process claimed by the '466 patent as of January 31, 2013.

The parties agree that, if the Court dismisses plaintiffs' claims as to the '466 patent with prejudice, Teva's counterclaim for a declaratory judgment of non-infringement as to the '466 patent should also be dismissed.

### A.   Legal standard

Courts in this district construe motions to withdraw some but not all of the claims against a particular defendant as motions to amend pleadings under Fed. R. Civ. P. 15 rather than motions to dismiss voluntarily under Fed. R. Civ. P. 41(a). See,

e.g., Schwartz v. CACH, LLC, No. 13-12644, 2013 WL 6152343, at
*3 (D. Mass. Nov. 21, 2013) (internal citations omitted);
Transwitch Corp. v. Galazar Networks, Inc., 377 F. Supp. 2d 284,
288-89 (D. Mass. 2005) (collecting cases).

Fed. R. Civ. P. 15 provides that a party may amend its
pleading with leave of court, which should be freely given "when
justice so requires". Fed. R. Civ. P. 15(a)(2).  The decision to
allow or deny a motion to amend is within the discretion of the
district court. Zenith Radio Corp. v. Hazeltine Research, Inc.,
401 U.S. 321, 330 (1971).  Nevertheless, leave ought to be given
unless there is a good reason to deny it. Foman v. Davis, 371
U.S. 178, 182 (1962).  Reasons to deny leave to amend include

> undue delay, bad faith or dilatory motive on the part
> of the movant, repeated failure to cure deficiencies
> by amendments previously allowed, undue prejudice to
> the opposing party by virtue of allowance of the
> amendment, futility of amendment, etc.

Id.

A party that seeks to amend its complaint when
"considerable time" has elapsed between the filing of its
complaint and its motion to amend must show a "valid reason" for
its delay. Acosta-Mestra v. Hilton Int'l of P.R., Inc., 156 F.3d
49, 52 (1st Cir. 1998).

If a court allows a motion to amend a pleading by
dismissing certain claims, the remaining issue is whether those
claims are dismissed with or without prejudice. Cf. Charles Alan

Wright & Arthur R. Miller, 6 <u>Federal Practice and Procedure</u> §
1486 (3d ed. 2010) (explaining that courts that allow leave to
amend pursuant to Fed. R. Civ. P. 15(a) may impose conditions
such as dismissing claims with prejudice).  In this respect,
courts apply the same standard as that applied to the voluntary
dismissal of all claims against a defendant pursuant to Fed. R.
Civ. P. 41(a). <u>See</u> <u>Greene</u> v. <u>Ab Coaster Holdings, Inc.</u>, No. 10-
38, 2012 WL 2342927, at *7 (S.D. Ohio June 20, 2012); <u>Eastman</u>
<u>Mach. Co.</u> v. <u>Diamond Needle Corp.</u>, No. 99-0450, 2000 WL 1887827,
at *1 (W.D.N.Y. Dec. 18, 2000).

     The First Circuit Court of Appeals has held that a court
faced with a motion to dismiss under Fed. R. Civ. P. 41(a)
should dismiss without prejudice unless the defendant will
suffer legal prejudice as a result. <u>Colon-Cabrera</u> v. <u>Esso</u>
<u>Standard Oil Co.</u>, 723 F.3d 82, 87 (1st Cir. 2013) (citing <u>P.R.</u>
<u>Mar. Shipping Auth.</u> v. <u>Leith</u>, 668 F.2d 46, 50 (1st Cir. 1981)).
Factors that may justify dismissing with prejudice include

> the defendant's effort and expense of preparation for
> trial, excessive delay and the lack of diligence on
> the part of the plaintiff in prosecuting the action,
> insufficient explanation of the need to take a
> dismissal, and the fact that a motion for summary
> judgment has been filed by the defendant.

<u>Doe</u> v. <u>Urohealth Sys., Inc.</u>, 216 F.3d 157, 160 (1st Cir. 2000)
(quoting <u>Pace</u> v. <u>S. Express Co.</u>, 409 F.2d 331, 334 (7th Cir.
1969)).  The Court may also consider whether plaintiffs sought

to "circumvent an expected adverse result" in dismissing the
'466 claims. Am. Sci. & Eng'g, Inc. v. Kelly, No. 99-10365, 2000
WL 307462, at *1 (D. Mass. Mar. 16, 2000) (citations omitted).
The prospect of a second suit or of the plaintiff obtaining a
tactical advantage in the current suit does not, however,
justify dismissing with prejudice. Leith, 668 F.2d at 50.

### B.  Application

The Court will dismiss plaintiffs' claims against Teva with
respect to the '466 patent with prejudice for several reasons.

First, plaintiffs informed Teva that they intended to
withdraw their claims after Teva moved for summary judgment and
informed the Court only weeks before a hearing was scheduled on
that motion.  Such delay, particularly after a motion for
summary judgment is filed, weighs in favor of dismissing a claim
with prejudice. See Urohealth, 216 F.3d at 160.

Furthermore, contrary to the circumstances in Amphastar,
plaintiffs have not offered a good reason for why they waited to
withdraw their claims against Teva. See id. Fact discovery
closed in this case on July 19, 2012, and plaintiffs' email to
Teva confirms that they decided to withdraw the subject claims
based on deposition testimony that was provided before the Court
stayed the case in August, 2012, and unspecified "document
production to date".  Plaintiffs' failure to provide specific
reasons suggests that they withdrew the claims to avoid an

adverse result at the summary judgment stage. See Kelly, 2000 WL
307462, at *1.

Finally, the Court credits Teva's claim to have incurred
significant expense in litigating the '466 patent claims.  The
'466 patent had a different priority date than the '886 patent
and only one inventor in common.  Thus, Teva was required to
expend efforts in defending the claims brought under the '466
patent that were not merely duplicative. See Leith, 668 F.2d at
50 (reasoning that discovery efforts were not wasted when claim
was dismissed because the discovered materials were relevant to
a different pending case in the Commonwealth of Puerto Rico).

The Court will therefore dismiss Counts II and IV of
plaintiffs' complaint with prejudice in its final order of
judgment, notwithstanding plaintiffs' claim that they are
entitled to further briefing because they requested dismissal
without prejudice.  Plaintiffs rely on De Fontanez v. Jefferson
Pilot Life Ins. Co., No. 93-2268, 1994 WL 424096 (1st Cir. Aug.
15, 1994), which held that a district court abused its
discretion when it dismissed a plaintiff's case with prejudice
after plaintiff moved for a voluntary dismissal without
prejudice because it should have first provided plaintiff an
opportunity to withdraw her request for dismissal and allow the
case to proceed on the merits before entering judgment.  That
case is inapposite because plaintiffs admit that Teva's products

-8-

do not infringe and therefore proceeding to the merits of Teva's summary judgment motion would be futile.  Furthermore, plaintiffs have had an ample opportunity to brief this matter.

The Court also declines to include the qualifying language proposed by plaintiffs in its order for final judgment. Plaintiffs are free to argue at a later juncture that the posture of the claims at the time they were withdrawn limits their preclusive effect.

Finally, in light of the dismissal with prejudice of plaintiffs' claims as to the '466 patent, defendant's First Counterclaim for a declaratory judgment of non-infringement of that patent will be dismissed with prejudice.

## ORDER

For the foregoing reasons, defendant's motion for entry of final judgment (Docket No. 209) is, with respect to defendant's First Counterclaim for a declaratory judgment of non-infringement of U.S. Patent No. 7,790,466, **DENIED**, but is, in all other respects, **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated January 24, 2014