United States District Court
District of Massachusetts

|                                      |   |                    |
|--------------------------------------|---|--------------------|
| **MOMENTA PHARMACEUTICALS, INC. AND SANDOZ INC.,** | ) ) ) |                    |
| Plaintiffs,                          | ) ) | Civil Action No.   |
| v.                                   | ) ) | 10-12079-NMG       |
| **TEVA PHARMACEUTICALS USA, INC.,**  | ) ) ) |                    |
| Defendant.                           | ) ) |                    |

## MEMORANDUM AND ORDER

**GORTON, J.**

Plaintiffs Momenta Pharmaceuticals, Inc. ("Momenta") and Sandoz Inc. ("Sandoz") (collectively, and for simplicity, "Momenta") brought this patent infringement action against defendant Teva Pharmaceuticals USA, Inc. ("Teva"). The Court allowed Teva's motion for summary judgment and entered final judgment in favor of Teva in January, 2014. Teva now moves for attorneys' fees and costs under 35 U.S.C. § 285.

### III. Background and Procedural History

In February, 2010, Teva announced that it intended to sell generic enoxaparin, an anticoagulant used to prevent blood clots, as soon as it obtained approval from the Food and Drug Administration (FDA). Momenta beat Teva to the punch, however,

-1-

by obtaining FDA approval to market generic enoxaparin in the United States in July, 2010.

In December, 2010, Momenta filed the instant action against Teva, alleging that Teva infringed two of its patents: U.S. Patent No. 7,575,886 ("the '886 patent") and U.S. Patent No. 7,790,466 ("the '466 patent"). Teva counterclaimed for a declaratory judgment of non-infringement and patent invalidity.

The '886 patent claims methods of analyzing batches of enoxaparin based on the presence or absence of individual component sugars of polysaccharides that are produced during the manufacturing process. The '466 patent claims a method of isolating and categorizing tetrasaccharides (four-sugar chains). Both methods allow manufacturers to determine whether a given batch includes the individual sugar chains characteristic of enoxaparin. Momenta alleged that Teva infringed those patents by making material preparations to sell a generic enoxaparin product manufactured using the claimed methods.

In January, 2013, Teva moved for summary judgment of non-infringement of both patents. Shortly thereafter, Momenta's counsel informed Teva's counsel that Momenta was no longer asserting the '466 patent against Teva. Momenta claimed to reserve the right to reassert the '466 patent as circumstances developed. It never moved under Fed. R. Civ. P. 15 to withdraw its claims relating to the '466 patent.

In July, 2013, the Court allowed Teva's motion for summary judgment with respect to the '886 patent and denied Momenta's motion to amend its infringement contentions. Later, it dismissed with prejudice the claims arising under the '466 patent when entering final judgment in Teva's favor.

## IV. Teva's Motion for Attorneys' Fees

Teva moves under 35 U.S.C. § 285 for attorneys' fees and costs incurred in defending against Momenta's infringement claims. Under that statute, district courts may award reasonable attorneys' fees to the prevailing party only in "exceptional" cases. An "exceptional" case is

> simply one that stands out from the others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

Octane Fitness, LLC v. ICON Health & Fitness, Inc., 134 S. Ct. 1749, 1756 (2014).

Teva contends that this case is "exceptional" because Momenta 1) never had an objective basis for filing the suit and 2) engaged in misconduct in securing the '886 patent by improperly influencing an authoritative standard-setting organization during its evaluation of an official method for testing generic enoxaparin. Finding this case not to be

"exceptional," the Court declines to exercise its discretion to award attorneys' fees.

First, the Court rejects Teva's argument that Momenta lacked an objective basis to file suit for infringement of the '886 patent or to continue litigating its claims through summary judgment. Teva suggests that Momenta knew that its theory was flawed at the outset because Momenta received FDA approval to market generic enoxaparin using a test method falling outside the '886 patent's claims. The Court declines to draw that inference because it was plausible at the outset that Teva used the claimed methods, even if it was possible to use a non-infringing method. Moreover, it was not unreasonable for Momenta to continue litigating its claims under the '866 patent after the Federal Circuit vacated the injunction entered in its favor in a related case. See Momenta Pharms., Inc. v. Amphastar Pharms., Inc., 686 F.3d 1348 (Fed. Cir. 2012). The Federal Circuit based its holding on § 271(e) of the Hatch-Waxman Act, and therefore it was not unreasonable for Momenta to proceed with its claims under § 271(g). Similarly, while the Court ruled in favor of Teva at summary judgment, it recognizes that whether § 271(g) applies to Teva's activities is a matter of debate.

Similarly, Momenta acted reasonably in litigating its claims with respect to the '466 patent. It was reasonable for

Momenta to file suit in the first place, as it knew that Teva's overseas manufacturer employed a process involving tetrasaccharides, which feature prominently in the testing methods claimed in the '466 patent.  Moreover, despite its failure to move to amend its complaint, Momenta notified Teva that it would no longer assert those claims shortly after completing discovery.  Under the circumstances, Teva is not entitled to fees with respect to the '466 patent.

Finally, the Court declines to award attorneys' fees based on Teva's contention that Momenta engaged in misconduct in securing the '886 patent by opposing the adoption of the United States Pharmacopeia's revised method for testing generic enoxaparin.  The Court finds insufficient evidence that Momenta acted in bad faith or that its conduct with respect to the Pharmocopeia's standard-setting process tainted the instant litigation.

### ORDER

For the foregoing reasons, Teva's motion for attorneys' fees (Docket No. 233) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated November 20, 2014